The next case on the docket is 524-0803 People v. Steven Crutchfield. Mr. Dunham and Ms. O'Brien. Let's get her in line to get settled. Okay. Mr. Dunham? Yes. May it please the court, my name is Darryl Dunham. I am representing Steve Crutchfield. Mr. Crutchfield was tried twice for murder. The first case found him guilty. There was an appeal, sent back down. In the second case, the issue was whether the murder was premeditated or not. An obstruction of second degree murder was allowed. The jury found guilty of first degree murder. Mr. Crutchfield was sentenced by a trial judge to life without possibility of parole. I don't think there can be any dispute that both before the actual event, while he was incarcerated prior to the second trial, and then subsequent to his incarceration, he's been a model citizen. He's not had a single write-up. Under objection from the prosecution, several employees from the Illinois Department of Correction came and testified that he's been a model citizen. If he were ever to be released, we'd have no problem having him be a neighbor or even invite him into their home and break bread with them. Mr. Dunham, though, what is the perspective that the court's supposed to use? Are they supposed to look from today backwards and say what a good job he's been doing? Or at sentencing, are they supposed to try to look into a crystal ball and go forward? That's obviously the question of the day, Your Honor. And there is case law. It's verbalized in various ways. But it instructs this court and other courts that as a general proposition, you should look to the perspective of the trial judge at the time of sentencing. And I would like to take that first issue first. Because I don't think there's any dispute between the parties that the trial judge has an obligation to base his finding, and he made a finding essentially of incorrigibility here. It's got to be based on some kind of factors other than his personal opinion or his belief. It's got to have some kind of reason and basis to it. If you look at this record itself, the only fact in aggravation that you can see, and certainly a major portion of the state's brief is based on the nature of the crime. There's no question that given the nature of the crime and the jury's finding, Mr. Crutchfield should have been well sentenced to a very long term in the penitentiary. We're not disputing that. If the trial judge is wrong, if the trial judge says there's no redeeming qualities about this defendant, he's incorrigible and needs to be in jail as long as possible, and the trial judge is wrong, is that the appellate court's job to say, oh, you were wrong, he had some qualities you just couldn't see, or is that a job for the governor's office to grant a clemency petition or something else? I mean, does this court have the ability or the authority to go back and say at the time of sentencing you should have seen something that wasn't readily apparent? I had two arguments about what I think are unique circumstances why at this time the appellate court can second-guess. But the first argument is, and it's laid out in my brief, I cite People v. McClendon and People v. Vance, makes very clear that the trial judge has an obligation to pay attention and be aware of the defendant's constitutional right to have the trial judge consider rehabilitation. And the only evidence, the only evidence in front of the trial judge at that time was the nature of the crime. That was it. Nothing else. And so what I'm suggesting and what I think I'm reading from the State's position is, any time a jury convicts a defendant of first-degree murder, in every one of those cases, because of the nature of the crime, premeditated, knew what he was doing, and committed murder, that the trial judge has the discretion to find that that particular defendant is beyond rehabilitation. He's incorrigible, and the trial judge has the discretion to do that. And furthermore, if I'm understanding your brief correctly, there's no obligation on the part of the prosecution, on the part of the trial judge, to explain why. All they have to do is say, well, I've read the pre-sentencing report, I listened to all the testimony, and I've heard all that stuff, and I find this guy's incorrigible, and I'm going to send him to life without parole. That's what the position is being taken. I believe, and that can't be below, there's got to be at least some obligation on the part of the trial judge, because otherwise, under McClellan and Vance, they've got some obligation to stray from what his own personal belief is, what his opinion is. Maybe he's no better qualified than anybody else to decide who's incorrigible and who's not, insofar as a matter of personal opinion. And that's what we have here. There's nothing in this record that would suggest that the trial judge did anything other than rely on his personal opinion. And under Vance and McClellan, that's fair. Now, I would like to also raise an issue, because I think there is a serious due process issue here. In the Goyer case, incorrigibility and rehabilitation evidence was suggested that it could be raised on a post-petition review. State wants to distinguish that case for various reasons. But I asked in the trial court, I asked both the trial court judge, I asked the prosecution, because you're objecting to all post-sentencing evidence of rehabilitation. It can't be considered. And the trial judge endorsed that argument, heard a lot of testimony under objection from the state, and then decided, in her opinion, to ignore it all. But Illinois law is very clear that in resentencing types of situations, the prosecution, in fact, the prosecution is mandated by statutory law to consider evidence of incorrigibility in a resentencing context. How long has Mr. Crutchfield been in detention now? Well, I think he was first arrested in 1999. So if the trial judge made an error in sentencing, why aren't you required to raise that before 25 years later, 26 years later? If I could, your Honor, to finish my point, I'll get back to your question. My point is, if the state is going to reserve for its right, itself the right to put in evidence of incorrigibility, then we should be, as a matter of second due process, equal protection, put in evidence of rehabilitation. Now, that is the issue, and the trial judge found that the issue was forfeited. We raised in our petition and in the lower court, we actually got the report of an expert, that both the trial counsel and appellate counsel is ineffective for not raising this issue. In both the trial court and in the appellate court, the Illinois Supreme Court's rehabilitation clause was not raised. And so the trial judge didn't have the benefit of the analysis that I'm offering today, nor did the appellate court have the benefit of the evidence that I was offering today. And so we do not believe it's been forfeited because of ineffective assistance of counsel. One last point. I see the yellow lights going on. In the case of People v. Richardson and the Guerrero case, we see a situation where the appellate court reversed because it was clear that there may have been a factual error made by the trial judge with regard to the sentencing and even the conviction. We believe in the narrow case where there's been a finding of incorrigibility, we're only asking for an opinion that's limited to that case because that's what the trial judge did, was make a finding of incorrigibility, we're not asking to open the floodgates, that in those narrow cases where it's essentially a de facto life in prison, that in this situation on post-conviction relief, that a review be permitted. Has anybody got any questions? How do you know that rehabilitation was not considered by Judge Speroni? I can't read his mind, Your Honor. He certainly didn't put it in the record. All he said is he made a finding. Well, at the third stage hearing, the trial court found that Judge Speroni considered all of the necessary factors in mitigation and aggravation, the PSI, which is the jail defendant's biographical, educational, and criminal histories, and I'm looking at the order now, considered his achievements while serving in the Illinois Department of Corrections while awaiting his appellate pursuits. He considered the facts of the case and specifically the severity of the offense. I think if he considered what the defendant had been doing while waiting on appeal, then he certainly considered rehabilitation. Did I have to say the word rehabilitation? The actual sentencing, it's in the records in the appendix. I don't believe there's anything that indicates in there that he was aware of what he had been doing during the two years before the second trial. That's what our concern is. It's very easy. Defendants in this case have a constitutional right. It's a second prong of the Illinois Constitution to have rehabilitation considered, Your Honor. And if you can just go through the lip service and say I considered this, I considered that, I considered this, I considered that, I considered that, I consider all the factors in mitigation, I consider all the factors in aggregation. It doesn't explain why one is more important than the other. The only factor, the only factor here in this case is the horrific nature of the crime. And I'm back to where I started, Your Honor. You cannot give the trial judge unvalid discretion to say in every case where there's first-degree murder, you have a discretion for life without possibility of parole. But don't we presume the trial judge was aware of the law and aware of what he was required to consider absent clear indication otherwise? Your Honor, I think the case law in many instances does say there is a presumption. But when you go and do a deep dive in every one of those cases where the trial judge's sentence was affirmed on appeal and the state cited a lot of them, you will see that the trial judge, the appellate court's opinion does show that in each one of those cases the trial judge did the trial judge's duty and did indicate why the mitigating factors were not prohibited in terms of the eventual sentence. And in only one of those cases, I'm aware, was the actual sentence life without possibility of parole. Thank you. Thank you, Your Honor. Mr. O'Brien? Good morning, Your Honors. Good morning, counsel. May it please the court. My name is Valerie Osment O'Brien, and I represent the people of the state of Illinois in this matter, people versus Steven Crutchfield. On appeal, the defendant is challenging the denial of his second amended post-conviction petition after a third stage evidentiary hearing on the merits, which challenged his sentence of natural life imprisonment without the possibility of parole based on alleged errors by the 2002 sentencing court for allegedly not considering his rehabilitative potential. However, the 2002 sentencing court properly considered all of the relevant factors, including the defendant's rehabilitative potential, as Your Honor just noted, based on the record, and no constitutional violation occurred. The state has a weighty interest in the finality of convictions and sentences, and the Post-Conviction Hearing Act is designed to balance that interest with the defendant's interest in resolving otherwise unreviewable allegations that constitutional violations occurred at the time of trial. In this case, the defendant seeks to upset this balance and imperil the finality of judgments by misusing the act to seek resentencing based on evidence that could not and did not exist at the time of his sentencing. Accordingly, this Court should affirm the circuit court's denial of post-conviction relief because the circuit court properly denied the following three claims, that the 2002 sentencing court made a factual error about the defendant's rehabilitative potential, that it failed to consider his rehabilitative potential at all, and that the trial and appellate counsel were ineffective for not raising these issues. Each of these claims failed based on the record and the relevant legal standard. Starting with the first claim, that the 2002 sentencing court made a factual error about the defendant's rehabilitative potential, the sentencing court was not required to find that the defendant was incapable of rehabilitation to impose a natural life sentence. He was 30 years old at the time of the offense, not a juvenile or a young adult, and the defense is wanting to use cases under Miller and its progeny dealing with the youth and attendant circumstances that courts must consider before imposing a natural life sentence for young offenders and juvenile offenders to this case, and they're not the same thing. Cases like Jones v. Mississippi and People v. Wilson confirm that no such factual finding is required for adult offenders. Courts simply just must consider the seriousness of the offense and the offender's potential for rehabilitation. And in fact, the seriousness of the offense is the most important factor in determining an appropriate sentence and not the presence of mitigating factors such as the lack of a prior record. That in Jones v. Mississippi was a United States Supreme Court case where they held that neither a finding of permanent incorrigibility nor an on-the-record sentencing explanation is constitutionally required before a juvenile may be sentenced to life without parole. The sentencing court did what it was supposed to do here. It considered the pre-sentence investigation report, mitigating statements, the lack of criminal history, and the fact that the defendant had family support. The court noted that the defendant had no prior record and had people advocating on his behalf, but it found those mitigating factors to be dwarfed by the brutal, premeditated nature of the murder and the jury's finding that it was accompanied by exceptionally heinous behavior indicative of warranting cruelty. The court stated that it was convinced that the defendant would remain a danger to the public if he was released. That was a valid sentencing judgment. There is no factual error. The defendant's later conduct in prison, which he argues proves that he has been rehabilitated, was not and could not have been a part of the sentencing record in 2002. Which brings me to my second point. The defendant argues that the sentencing court failed to consider his rehabilitative potential at all. This claim also fails. The circuit court reviewed the full sentencing record, including the October 2002 PSI, trial evidence, and mitigation evidence. It expressly found that the sentencing judge did consider all required factors, balancing rehabilitation against retribution. And trial courts are given a wide latitude in weighing those factors, and it's not in this court's purview to re-weigh those factors, just because this court may have decided differently. Even still, here the defendant was allowed to proceed in his quest for post-conviction relief by actually being allowed to present evidence in support of his claim that he was rehabilitated. Evidence that the trial court under Post-Conviction Hearing Act was not even required to do, but still gave him the latitude to do so. After hearing everything that the defense put forth, she determined that none of that proved that a constitutional error in 2002. And lastly, the ineffective assistance of counsel claims. Because the 2002 sentencing court did consider the defendant's rehabilitative potential, trial and appellate counsel were not effective for failing to raise these meritless claims. In fact, on direct appeal, or before direct appeal, the defendant actually, in his motion to reconsider his sentence, tried to advance that claim, arguing that the sentencing court didn't review his or consider his rehabilitative potential in fashioning his sentence. Clearly, appellate counsel chose to not advance that claim on appeal because it was meritless. Surely, a competent attorney would have pursued that route had it had any merit. The post-conviction court heard evidence from attorney Minkus regarding counsel's alleged deficiencies, but that evidence was unpersuasive, and the post-conviction court properly treated it as an offer of proof only. As the circuit court observed, the defendant essentially wants this court to find that his 2002 sentence was unconstitutional because he has changed since then. But the Post-Conviction Hearing Act is not a vehicle for re-litigating sentencing based on post-sentencing developments. To allow that would undermine finality and flood the courts with similar claims, meaning any inmate could argue that the sentencing judge's opinions or predictions turned out to be wrong. Rather, that is the purpose of clemency, and the defendant has already pursued that path with identical claims, arguments, and evidence, although he has already had two clemency petitions denied in the past. Your Honors, the circuit court's ruling was not manifestly erroneous. It correctly denied post-conviction relief after holding an evidentiary hearing and reviewing the 2002 sentencing record. Post-sentencing rehabilitation, while it is commendable, is not a basis for overturning a lawful sentence based on facts known in 2002. Unless Your Honors have any questions, for these reasons, the people respectfully request for this Court to affirm the judgment. There were two trials in this case. The second trial, wasn't there a specific separate finding by the jury that this murder was exceptionally brutal and heinous, indicative of wanton cruelty? Or was that only in the first trial? That was the second trial, Your Honor. In the first trial, he was found guilty but mentally ill. And this Court reversed it based on the fact that the trial court did not submit a jury instruction based on second-degree murder. Any questions? Thank you. Thank you, Mr. O'Brien. Mr. Donovan. Counsel just said that, and this was a case where we're being asked, the trial court was being asked to take into consideration evidence that did not exist at the time of sentencing. I say both the Richardson case, the Guerrero case. Now, appellate court indicated in the circumstances of those cases where evidence came into light after the sentencing and instructed the trial court in Richardson to go back and take a look at the sentence in light of this new evidence. Counsel, there's obviously, she mentions Jones v. Mississippi. We didn't cite Jones v. Mississippi in any of our briefs. This was obviously a case of passion. No question about that. But she, arguments being made, well, there was balancing. There was, there's no evidence that there was any balancing in this case. All the trial judge did was cite the evidence that he reviewed and then arrived at a conclusion. There was no evidence of any kind of weighted balancing, any weighted consideration of why it was that he arrived at this, this finding of incorrigibility. So I stated, I say what I think the prosecution is asking for in a case of first-degree murder, premeditated, for people where a very stiff prison sentence is, and it's going to be an order that I think their argument is that the trial judge has a discretion in every one of those cases to give life without possibility of parole. And she's not denying that. In our Constitution, even in first-degree murder cases, requires balancing. And there's no evidence of balancing by the trial judge in this case. So what are we asking for? I don't know if you think we need to have more evidence on the ineffective assistance of counsel. The report of our expert was not admitted into evidence. I think your choices are two. One, you go back and you just order a re-sentence. Or, maybe there needs to be further fact-finding, maybe on the issue of ineffective assistance of counsel. Thank you, Your Honor. Mr. Dunlap and Ms. O'Brien, I have a note that there's a motion to supplement the record by adding the transcript. Do you know if the state has a motion pending? Yeah, it was filed into grace. And, Your Honor, it has to be the transcript from the... If there's a transcript that's not in the record, then it should be, so we will have no objection.   Okay, let's show that motion. I mean, we tried very hard to include everything. Okay. Well, there was a motion to supplement the record with the transcript, and so we'll grant that motion. It was granted?  Okay. Just making sure. Okay, thank you both for your arguments in this case. The matter will be taken under advisement, and we'll issue an order in due course.